IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND GADSDEN COUNTY, FLORIDA

SHARICKA GREEN,

    Plaintiff,

vs.

Case No. 07–1142-CAA

MORRIS YOUNG, SHERIFF,
Gadsden County, Florida,

    Defendant.

# Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**MORRIS YOUNG, SHERIFF of Gadsden County, Florida**
**Gadsden County Sheriff's Office**
**339 East Jefferson Street**
**Quincy, FL 32351**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _Sept 27_, 2007.

**NICHOLAS THOMAS**
CLERK OF THE CIRCUIT COURT

By: _Betty Sue Sadberry_
Deputy Clerk.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR GADSDEN COUNTY, FLORIDA

SHARICKA GREEN,

    Plaintiff,

CASE NO. 07-1142-CAA
FLA BAR NO. 0739685

vs.

MORRIS YOUNG, SHERIFF,
Gadsden County, Florida,

    Defendant.
_____/

## CORRECTED COMPLAINT
(As to Last Name of Defendant only)

Plaintiff, SHARICKA GREEN, hereby sues Defendant, MORRIS YOUNG, SHERIFF, Gadsden County, Florida, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq., 42 U.S.C. §12101 et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, SHARICKA GREEN has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender, female and the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, MORRIS YOUNG, has been the Sheriff of

Gadsden County, Florida and/or he is the successor in interest as the Sheriff of Gadsden County, Florida. At all times pertinent hereto, Defendant has been organized and existing under the laws of the State of Florida and has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and properly removed her charge therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter. She also filed an administrative charge of discrimination with the EEOC and has appended her Notice of Right to Sue hereto which authorizes the filing of this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female, was first employed with Defendant in or about February 2005, as a deputy sheriff. During the course and scope of her employment, she was subjected to unwanted sexual advances and harassment, reported it, and was the victim of retaliation including without limitation a heightened level of harassment and disciplinary actions that other employees were not subjected to.

7. Further, Plaintiff is disabled or perceived as disabled because of chronic ulcers, and Defendant treated her differently because of that including telling Plaintiff that she needed to find another career. The environment became so intolerable due to the conditions described in part above that Plaintiff's physical condition worsened and she was forced to resign. No reasonable person would have remained in that work environment. She was last employed with Defendant in April, 2006.

8. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

## GENDER DISCRIMINATION

9. Paragraphs 1-8 are realleged and incorporated herein by reference.

10. This is an action against Defendant for gender discrimination.

11. Defendant has taken action and allowed action to be taken against Plaintiff because she is female. During Plaintiff's employment with Defendant, she has was the victim of sexual harassment and disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem. Then after notice of sexual harassment and other forms of discrimination described more fully herein, Defendant delayed in taking action and caused additional harassment and harm to Plaintiff including without limitation her constructive termination.

12. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

13. Defendant knowingly condoned and ratified the discrimination set forth above.

14. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

15. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to

3

this action.

16.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

## COUNT II

### DISABILITY DISCRIMINATION

17. Paragraphs 1-8 are realleged and incorporated herein by reference.

18.     This is an action against Defendant for discrimination based upon Plaintiff actual or perceived disability.

19.     Plaintiff has been the victim of discrimination on the basis of her disability and/or Defendant's perception of Plaintiff as disabled. During her employment with Defendant, Plaintiff suffered from an impairment that limited one or more of life's major activities and Defendant told Plaintiff, after learning of her impairment, that she needed to change careers. She was thereafter treated differently within Defendant and with disdain. She was subject to hostility and poor treatment on the basis, at least in part, of her disability and/or Defendant's perception of Plaintiff as disabled.

20.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant

4

knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

21. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a disability based nature and in violation of the laws set forth herein.

22. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

23. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability and/or Defendant's perception of Plaintiff as disabled in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §12101 et seq..

24. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RETALIATION

25. Paragraphs 1-8 are hereby realleged and reincorporated as if set forth in full herein.

26. Defendant is an employer as that term is used under the applicable statutes referenced above.

27. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

28. The foregoing unlawful actions by Defendant were purposeful.

29. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

30. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

31. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 28 day of September, 2007.

> MARIE A. MATTOX, P.A.
> 310 East Bradford Road
> Tallahassee, FL 32303
> (850) 383-4800 (telephone)
> (850) 383-4801 (facsimile)
>
> _____
> Marie A. Mattox
> ATTORNEYS FOR PLAINTIFF

7



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5057 1870

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

June 6, 2007

Ms. Sharicka L. Green
c/o Marie A. Mattox, Esquire
Law Office of Marie A. Mattox
Attorney at Law
310 E. Bradford Rd.
Tallahassee, FL  32303

Re:  EEOC Charge Against Gadsen County, Florida Sheriff's Office
     No. 15D200603713

Dear Ms. Green:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Miami District Office, EEOC
     Gadsen County, Florida Sheriff's Office

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5057 1870

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

June 6, 2007

Ms. Sharicka L. Green
c/o Marie A. Mattox, Esquire
Law Office of Marie A. Mattox
Attorney at Law
310 E. Bradford Rd.
Tallahassee, FL 32303

Re: EEOC Charge Against Gadsen County, Florida Sheriff's Office
No. 15D200603713

Dear Ms. Green:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:

Title I of the Americans with Disabilities Act of 1990,
42 U.S.C. 12111, et seq., and,
Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Miami District Office, EEOC
Gadsen County, Florida Sheriff's Office

2