UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SHARICKA GREEN,**					**CASE NO. 4:07cv442-SPM/WCS**

    **Plaintiff,**

vs.

**MORRIS YOUNG, SHERIFF,**
**Gadsden County, Florida,**

    **Defendant.**
_____/

**REPORT OF PARTIES' PLANNING MEETING (FORM 35) AND
ADDITIONAL MATTERS REQUIRED BY INITIAL SCHEDULING ORDER**

In accordance with the Initial Scheduling Order of the Court, the parties provide the following information:

1. Pursuant to Fed.R.Civ.P. 26(f), the parties conferred through their counsel identified as follows:

> Marie A. Mattox, Counsel for Plaintiff
>
> Robert Wayne Evans, Counsel for Defendant

2. **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) on or before December 26, 2007.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects: All matters covered in section 5(c) below.

b. All discovery commenced in time to be completed by July 1, 2008.

c. Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

d. The parties propose that there be a limit of 10 depositions per side but that each side be permitted to take additional depositions, not exceeding 25 in total, so long as the total time devoted to examination by that side at all depositions not exceed 36 hours.

e. Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiff by April 1, 2008.

from Defendant by May 1, 2008.

f. The parties may request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business. Reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Should either party inadvertently produce privileged information, that information shall immediately be returned to producing party.

      g.      Supplements are due within a reasonable time after discovering the need to supplement.

4. **Other Items**.

      a.      The parties do not request a conference with the Court before entry of the Scheduling Order.

      b.      The parties request a Pretrial Conference on or after August 1, 2008.

      c.      The parties should be allowed until April 1, 2008, to join additional parties and to amend the pleadings.

      d.      All potentially dispositive motions should be filed thirty (30) days after the close of discovery.

      e.      Settlement may be enhanced by the use of the following alternative dispute resolution procedures: Mediation may be attempted by the parties after the substantial completion of discovery.

      f.      Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

      g.      Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3)

      h.      The case should be ready for trial on or after August 10, 2008, and at this time it is expected to take approximately three days, exclusive of jury selection.

5. **Nature and Basis of Claims and Defenses**.

(a)  Plaintiff filed this action under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq., 42 U.S.C. §12101 et seq. and 42 U.S.C. §1981a. Plaintiff claims that she was the victim of discrimination based upon her gender, female, and/or her disability or Defendant's perception of herm being disabled. Plaintiff also claims that she was the victim of retaliation after she reported unlawful employment practices within Defendant. Plaintiff seeks damages, injunctive relief, attorneys fees and costs.

(b)  Defendant defends its actions as follows: Defendant denies any discrimination or retaliation. If the Plaintiff was subjected to any improper sexual conduct, Defendant exercised reasonable care to prevent or correct promptly any sexually harassing behavior and the Plaintiff failed to take advantage of any preventive or corrective opportunities to avoid harm otherwise.

.         (c)  The principal factual and legal issues in dispute are:

(1)  Whether Plaintiff was the victim of discrimination based upon her gender, female, and/or her disability or Defendant's perception of herm being disabled.

(2)  Whether Plaintiff was the victim of retaliation after she reported unlawful employment practices within Defendant.

(3)  Defendant's actions and inactions involving Plaintiff were for legitimate, non-discriminatory, non-retaliatory reasons.

(4)  Whether Plaintiff mitigated her damages.

(5) All other issues raised in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

6. The parties respectfully request that these timetables and cutoff dates be approved. Defendant has requested this trial date because of the existence of several other cases whose pre-existing scheduling orders would make it extremely difficult for Defendant to be adequately prepared for trial any earlier.

Dated this 21st day of December, 2007.

Respectfully submitted,

| /s/ Marie A. Mattox | /s/ Robert Wayne Evans |
|---|---|
| Marie A. Mattox [FBN 0739685] | Robert Wayne Evans [FBN 0198862] |
| MARIE A. MATTOX, P. A. | ALLEN NORTON & BLUE, P. A. |
| 310 East Bradford Road | 906 North Monroe Street |
| Tallahassee, FL 32303 | Tallahassee, FL 32303-6143 |
| Telephone: (850) 383-4800 | Telephone: (850) 561-3503 |
| Facsimile: (850) 383-4801 | Facsimile: (850) 561-0332 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |